UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.                                                           Case No. 10-MC-50264

Anthony Michael Diorio,                          Honorable Sean F. Cox

        Defendant.

_____/

OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR
REVOCATION OF ORDER OF DETENTION

This matter is currently before the Court on Defendant's Motion for Revocation of Order

of Detention, brought pursuant to 18 U.S.C. § 3145(b). A hearing on the motion was held on

March 3, 2010, at which time the parties presented witnesses and evidence to support their

respective positions. For the reasons below, the Court finds that the Government has

established, by a preponderance of the evidence, that there is no condition or combination of

conditions that will reasonably assure the Defendant's appearance. The Court shall therefore

DENY the motion.

BACKGROUND

On January 27, 2010, a Criminal Complaint was filed, alleging that Defendant Anthony

Michael Diorio ("Defendant") committed credit card fraud in violation of 18 U.S.C. § 1029.

Because the case proceeded by way of a Criminal Complaint, the action was opened as Case No.

10-MJ-30034 and was assigned to Magistrate Judge Donald Scheer.

On January 27, 2010, Magistrate Judge Scheer issued an "Order Setting Conditions of

1

Release" (Docket Entry No. 5), wherein Defendant was released on a $10,000.00 unsecured

bond. That Order stated that Defendant was to report to Pretrial Services as directed.

On January 27, 2010, Pretrial Services directed Defendant to report the following day,

January 28, 2010, at 11:00 a.m., to receive a tether and submit a urinalysis.

When Defendant failed to appear at Pretrial Services, the Government filed a "Motion for

Arrest Warrant and Bond Revocation Hearing." (Docket Entry No. 2). The motion stated that

Defendant failed to appear at Pretrial Services as scheduled, and that Defendant falsely

represented to Pretrial Services that he had worked at his father's business during the past three

years.

On January 28, 2010, Magistrate Judge Scheer ordered that an arrest warrant be issued

(Docket Entry No. 8), set a detention hearing for January 29, 2010, and ordered Defendant

temporarily detained pending that hearing. (Docket Entry No. 7).

On February 1, 2010, Magistrate Judge Scheer held a hearing on the Government's

motion to revoke bond.

Following the hearing, Magistrate Judge Scheer issued an "Order of Detention Pending

Trial," wherein he concluded that the Government had established, by a preponderance of the

evidence, that Defendant is a flight risk. The Order further explained:

> This defendant was initially granted an unsecured bond. He was ordered to
> appear at 11:00 a.m. the following day so that Pretrial Services could apply an
> electronic tether. He failed to appear. At 2:00 p.m., he was located by agents
> under circumstances indicating an intent to flee. He returned to court under
> escort. Pretrial Services subsequently determined that defendant had lied about
> his residence, family contacts, employment and drug abuse. Pretrial Services now
> recommends detention. I agree. This defendant is totally unworthy of trust. He
> is a confirmed flight risk.

(*Id.*).

On February 19, 2010, Defense Counsel filed a "Motion for Revocation of Detention Order with Incorporated Memorandum of Law." (Docket Entry No. 20). That motion asks the Court to hold an evidentiary hearing and then revoke the order of detention. The Defendant notes this is not a "presumption case" under 18 U.S.C. § 3142(e), and asserts that there is a set of conditions that can be fashioned that will assure the safety of the community and Defendant's appearance.[1]

On March 1, 2010, a miscellaneous action was opened as Case No. 10-MC-50264 and was assigned to this Court. The docket notes the action is related to Criminal Case No. 10-30034. Docket Entry No. 2 is the same Motion for Revocation of Detention Order that was filed in Case No. 10-30034.

APPLICABLE LAW

18 U.S.C. § 3145(b) governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly."

This Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77 (2d Cir. 1985); *see also United States v. Koubriti*, 2001 WL 1525270 (E.D. Mich. 2001) (Although the Sixth Circuit has not squarely addressed the issue of the proper standard of review of a magistrate judge's detention order, the majority of the circuits that have

---

[1] Defendant's motion also states that he is homosexual and asserts that he has been assaulted in jail. (Def.'s Motion at ¶ 18). Defendant did not raise this issue at the hearing. The Government, however, informed the Court that a U.S. Marshall was investigating the allegation, and that Defendant had not filed any complaints to the jail. Defense counsel also clarified that the alleged assault was not a sexual assault.

considered the issued have ruled that a *de novo* review is appropriate); *United States v.*

*Runnderstand*, 2008 WL 927774 (E.D. Mich. 2008).

In determining whether no condition or combination of conditions will reasonably assure

the appearance of the defendant or the safety of the community, the district court must take into

account the available information concerning: 1) the nature and circumstances of the offense

charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of

the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release.

18 U.S.C. § 3142(g).   The Government has the burden to establish, by a preponderance of the

evidence, that defendant is a flight risk, or by clear and convincing evidence, that the defendant

is dangerous to another person or the community.  *United States v. Hinton*, 113 Fed.Appx. 76

(6th Cir. 2004); *United States v. Ellison*, 2007 WL 106572 (E.D. Mich. 2007).

ANALYSIS

This Court finds that the Government has shown by a preponderance of the evidence that

no condition or combination of conditions will reasonably assure Defendant's appearance.  As

set forth below, the Court finds that three of the four factors of § 3142(g) weigh in favor of

pretrial detention.

1.      Nature And Circumstances Of The Offense Charged:

Defendant is alleged to have had possession of a credit card embossing machine, blank

visa debit card stock, and other tools and materials to make counterfeit credit cards, in violation

of 18 U.S.C. § 1029(a)(4).  Defendant faces potential imprisonment of up to 15 years if

convicted of this offence.  The first factor weighs in favor of detention.

2.      The Weight Of The Evidence Against Defendant:

The weight of the evidence against the Defendant is substantial and also favors pretrial detention. Defendant and an alleged co-conspirator paid for their hotel rooms using a unauthorized credit card. The director of hotel operations and a police officer from Troy, Michigan went to the hotel room, and Defendant answered the door. The officer observed the credit card embossing machine, card stock, and other counterfeiting materials in plain view. Secret Service Agents obtained a search warrant for Defendant's hotel room and adjoining suite and discovered 15 unauthorized credit cards. They also found new clothes with receipts showing that the clothes were purchased with the unauthorized cards, and found keys to a rental car which had been rented using an unauthorized card.

3.    Defendant's History And Characteristics:

Defendant's history and characteristics also demonstrate that he is a flight risk and weigh in favor of pretrial detention.

Defendant provided false information to Pretrial Services and Magistrate Judge Scheer regarding his substance abuse history, employment history, and residence. He stated that he had not abused amphetamines or marijuana in the past three years. A urinalysis conducted on January 29, 2010 revealed recent use of both drugs. Defendant stated that he had been recently employed at his father's company. His father testified that he had never worked for him. Defendant also stated that he currently lived in Michigan, and had only lived in California for a total of six months between 2003 and 2006. In fact, Defendant has lived in California since 2007.

Defendant also violated the conditions of his initial release. Defendant failed to report to Pretrial Services as directed. He did not call Pretrial Services or his attorney to explain his

failure. It is also very possible, based on Defendant's drug screening, that he abused drugs in violation of his release order.

While in California, Defendant had very limited contact with family members in Michigan. When Defendant was arrested, he had driver's licenses from California and Michigan, as well as a fraudulent license in another person's name. He is currently unemployed.

The Court recognizes that Defendant's father and sister have generously offered to support him and provide him with a residence within the District. The Court also notes that Defendant's family has visited him in the Wayne County Jail and has spoken to him by telephone. Prior to Defendant's arrest, however, his relationships with his father and sister were strained.

Because Defendant provided false information to Pretrial Services and Magistrate Judge Scheer, failed to comply with the conditions of his previous bond, has an ongoing history of drug abuse, has the ability to obtain false identification, and has not resided in Michigan since 2007, the Court finds that there is no combination of conditions that will reasonably assure Defendant's appearance.

    4.    <u>The Nature And Seriousness Of The Danger Posed By The Defendant's Release:</u>

If released, Defendant may pose a danger to financial institutions because of his ability to make counterfeit credit cards. Defendant also has a history of drug abuse. Despite this, the Government has not shown that Defendant has a history of violence or would otherwise present a serious risk of danger to others. The fourth factor does not weigh in favor of pretrial detention.

CONCLUSION AND ORDER

After applying the evidence to the § 3142(g) factors, the Court concludes that the

Government has established, by a preponderance of the evidence, that there is no condition or

combination of conditions that will reasonably assure the Defendant's appearance.  Accordingly,

the Court DENIES Defendant's Motion for Revocation of Detention Order.

IT IS SO ORDERED.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 4, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on
March 4, 2010 by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager